BAR BEA TRUCK LEASING CO., INC., BAR-MAR WAREHOUSE CO., INC., PLAINTIFFS, *v.* THE UNITED STATES, ET AL., DEFENDANTS

BERNARD NEWMAN, *Judge.*

Court No. 82-4-00582

(Dated September 23, 1982)

*Fredric J. Gross, Esq.,* for the plaintiffs.

*J. Paul McGrath,* Assistant Attorney General, *Joseph I. Liebman,* Attorney in Charge, International Trade Field Office, Commercial Litigation Branch (*John J. Mahon,* Assistant Branch Director, and *Saul Davis, Esq.*), for the defendants.

BERNARD NEWMAN, *Judge:* This matter of first impression in the Court of International Trade—constituting an application by Bar-Mar Warehouse Co., Inc. (Bar-Mar) for an award of counsel fees and other expenses by a prevailing party pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412(d)—ordinarily could warrant a thoroughgoing discussion of this new legislation and its applicability here. However, the facts and circumstances plainly merit a summary denial of Bar-Mar's application.

Bar-Mar seeks counsel fees and other expenses in the amount of $12,748.25 as a prevailing party under said Equal Access to Justice Act. In pertinent part, that statute provides:

> A court shall award to a prevailing party other than the United States fees and other expenses, in addition to any costs awarded pursuant to subsection (a), incurred by that party in any civil action (other than cases sounding in tort) brought by or against the United States in any court having jurisdiction of that action, *unless the court finds that* the position of the United States was substantially justified or that *special circumstances make an award unjust.* (Emphasis added.)

As to corporations, paragraph 2(b)(ii) and (iii) of the Act defines "party" as a corporation "whose net worth did not exceed $5,000,000.00" or "having not more than 500 employees" at the time the civil action was filed. Apparently, there is no dispute that plaintiff is a "party" within the meaning of the statute.

In opposition, the government has asserted that its "efforts" in this matter were both reasonable and within the special circumstances exception to the Act. I am fully conversant with the factual background of this case,[1] and I am clear that "special circum-

---

[1] This Court's opinion at 4 CIT 70 (1982) sets forth the background of the case

stances" make an award of counsel fees and other expenses manifestly unjust.

Among other things, in considering plaintiff's request, I cannot overlook that since 1977 Bar-Mar "just existed solely" to hold customhouse cartage license #1777 for use by the co-plaintiff (Bar-Bea) without Customs' authorization. (Tr. 393.)

Congress has plainly stated what it intended by the special circumstances "safety valve" permitting the Court to deny counsel fee awards as "unjust". Both the House and Senate committee reports explain that the Court has "discretion to deny awards where equitable considerations dictate an award should not be made." S. Rep. No. 96–253, 96th Cong., 1st Sess. at 7; H.R. Rep. No. 96–1418, 96th Cong. 2d Sess. at 11.

In a word, Bar-Mar's hands are very far from clean. On this score alone, Bar-Mar's acquiescence over a five year period in the unauthorized use of the license by the co-plaintiff constitutes "special circumstances [that] make an award unjust" within the purview of 28 U.S. § 2412(d).

Accordingly, Bar-Mar's application for counsel fees pursuant to the Equal Access to Justice Act is denied.